I call the last case of the day. 113-3435, Megan McGee v. Shopper from District 1046. Counsel, you may proceed. May it please the Court, My client and I are asking you to reverse the commission for two reasons when we man this case. First of all, the respondent stipulated to accidents. It was a 19B because they wouldn't give her surgery. So we filed a B and went to trial. And we filed a decision on the 19B. The respondent filed a response. And in that response, they admitted accident. Now, that is a judicial admission. Regardless of what happens afterwards, a judicial admission, you can't get over that unless you somehow go into court and ask somebody to withdraw that. But that's the fact, a judicial admission. Therefore, accident was stipulated to. It was, of course, a question of law, so you can determine that. Secondly, on causation. You've got to remember, which the commission seems to forget, this was a 19B. We weren't there to determine permanency on the B. That's put off until later. So when their agony doctor, Dr. Selby, who was well-known at the commission, said that I can see she had a temporary aggravation or her pre-condition was a carotid malformations. That's where your brain goes down into your spinal column like a console. It's asymptomatic in most people, unless you have a little accident like she had. In this case, she was sitting at a bench, and she would count these kids coming off the bus every day. One, two, three. They were very careful about that. One of these counties, getting up and getting down, working with their board. She hit her head back against a concrete wall. I think it was cinder block. And there's a poem on the record there. It was 90 degrees, Michael, as you can hear. She goes like this, hits her head. That very day, she's one of the most emotional people I've ever met. She got to the point where her treating doctor said, you need surgery, but he wouldn't pay for it. He filed a fee. But when we took the deposition of Dr. Selby, he said, oh, that's not connected. But, you know, she probably aggravated her pre-existing condition. Well, that's enough to become presentable. We know all we have, again, permanent knowledge. Maybe it's permanent, but we're not at that point yet. So I submit that the court should reverse this case because it's stipulated to accident and also because causal connection was proven.  Thank you, Counsel. Counsel, you may respond. My name is Andy Luther for the respondent. The commission found that the petitioner had failed to prove that she had sustained an accident arising out of this incident and that her current condition was causally related at the time. Now, let's separate the two. Did you stipulate the accident? No, absolutely not. He says there is a stipulation. He does, and he says that because there is a 19B response that indicates yes to the question whether or not the condition arises out of and in the course of the work incident. And the reason that that is not a stipulation in this case is quite clearly because the stip sheet, the request for hearing form. What does the stip say? The stipulation sheet. What does it say specifically? Which stipulation are you talking about? The one for the 19B. The 19B response? Yeah, what does it say? It's just a pre-printed form that says. Yeah, what does it say? I'd have to pull it and read it to you. You're mixing causation with the accident in what you told me. The pre-printed stip sheet.  That's the question on the 19B response. Yes, and you answered yes. On the 19B response, yes. Okay, what does that mean? It doesn't mean anything. Why? Because it's not a stipulation in this case. It's quite clear from the rules of practice before the Workers' Compensation Commission that the request for hearing form is a binding document that puts the questions before the commission as to the issues in dispute. The stipulation form taken in by the arbitrator and confirmed as being accurate by counsel on the record says that arising out of and in the course of is disputed. The 19B response is irrelevant. It has no basis because the request for hearing form, according to the rules, specifically the rules say the completed request for hearing is a settlement of the questions in dispute. So you're saying you can say anything in your pleadings before the stipulation sheet? It doesn't mean a thing. The parties are entitled to change their position prior to the hearing. Yes. Which came first? What does a judicial admission do legally? It's the issues before the court. No, it takes a controversy. It takes an issue completely out of contention. Okay. And the purpose of filing a complaint and an answer is to determine what issues are still in contention, right? Okay. So if 19B is filed and the response is filed and you say, you know, we stipulate, we agree to this issue, we agree that arising out of and in the course of is not an issue in the case, why wouldn't that be a judicial admission that takes that issue out of contention for the 19B hearing? What I would say is that I would point you to the Walker case that I cited in my brief, and I would say to you that under the Walker case, the stipulation sheet is binding as to the issues before the commission. So what you're saying for a simple mind like mine, what you're saying, all my response, my wording of yes meant, was that this is an issue in dispute. Is that what you're saying, your response? I don't think that that would be an accurate response. No, I don't think that that would be a fair response. Okay. I'm still trying to figure out what yes meant. At that time, you said, we agree that arising out of and in the course of is not an issue in this case. I think that that is an accurate reading of the 19B response. But I saw in the stipulation sheet when you said it is an issue in the case. Right, two years later, after further investigation took place in regards to the petitioner's alleged accident, and the location of the accident, more information was generated about what goes on at this location, the respondent determined that it was disputing accident arising out of. The Walker case makes it clear. She hit her head against the wall. Okay, you knew that right away, right? Yes, there was notice about that, yes. Okay. So I'm just wondering what the further investigation was that you did or did not accept. There's a legal conclusion that has to take place regarding whether or not something arises out of somebody's employment. Not whether an accident took place. The respondent doesn't dispute that she bumped her head on the wall. That's not an issue here. You stipulated that from day one. She bumped her head on the wall. Right, we understand that she bumped her head. And we had noticed that she bumped her head. But whether that arises out of her employment is something that takes further investigation than just simply telling her supervisor Marge that she bumped her head. If it takes further investigation, why would you admit it right off the bat? I don't have a response to that other than to say in the future that that won't be what happens. You're in danger of trying to win the battle but losing the war here, because maybe you should be saying, well, albeit there was a stipulation, the commission's decision on causation was not against the manifest weight. Well, and I certainly am planning to get to that because I think that it does back up the substance. The clock is ticking. I'm sorry? The clock is ticking. Okay. Well, then I would simply say to you that the commission's decision in regards to causation is certainly not against the manifest weight. Dr. Zeldi was more credentialed and performs the surgery recommended on a regular basis. He said that he used to perform it 8 to 10 times a year. He currently did it 3 to 4 times a year. He is familiar with the literature that Dr. Patoglio reviewed and that the radiographs in this situation simply did not evidence a Chiari that would become symptomatic under these circumstances. Let me see if I can call out Zeldi's testimony. He opines that Klayman's headache and the Chiari malformation were not caused by the work injury, correct? Correct. He does, however, acknowledge it was possible that Klayman's at-work accident aggravated temporarily her migraine headaches, correct? Correct. He said it was possible that Klayman's at-work accident aggravated her migraine headaches. Correct. So what do you make of the possible language? It's not a causal connection. Is that your position, obviously? That's not the question that was put before the arbitrator. What was being asked of the commission was to award the surgery. The proposed Chiari, the craniumotomy, I'm having a hard time pronouncing it, but that's what was being asked to award, not some aspirin or a leave for migraine headaches. So Dr. Zeldi's opinion, which the commission certainly can rely on and is certainly not against the manifest way to do so, should certainly be affirmed by this court, irregardless of the stipulation question. It would just be a question of whether we remand back and let the commission decide what an aggravation of migraine headaches is worth. But Zeldi did say he was asked whether the at-work accident exacerbated her migraine headaches, and he said, yes, I think that's possible. So the word yes, what does that mean? I can't argue with you, Your Honor. Okay. So as far as the stipulation, yes, I do not believe that the respondent stipulated to accident. I believe that Your Honor should find that the commission's decision regarding the stipulation is not against the manifest way, that a de novo review of the stipulation would also indicate that the respondent did not intend to stipulate to that. And then I would ask that you affirm the commission's decision both in regards to arising out of as being not against the manifest way and also the causal connection as not being against the manifest way of the evidence. Thank you. Thank you, counsel. Counsel may reply. Your question indicates to me that you get it. That's all I have. Thank you very much. The directs for the stipulation where they say they stipulate to accident arising out of, and then of course I'm going to point it, like Justice Hoffman said, yes, the accident box. Thank you. Thank you, counsel Bowles, for your arguments in this matter. This afternoon we'll be taking an advisement. A written disposition shall issue. The court will stand in recess until 9 a.m. tomorrow.